898 F.2d 145
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Loranza D. FIELDS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, Respondent.
 No. 88-2640.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 9, 1989.
Decided: Feb. 21, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board.
 Stuart N. Rappaport, Jenner & Block, Chicago, Ill., for petitioner.
 Rita Roppolo, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent. ON BRIEF: Raymond T. Reott, Jenner & Block, Chicago, Ill., for petitioner. Jerry G. Thorn, Acting Solicitor of Labor; Donald S. Shire, Associate Solicitor; Michael J. Denney, for Appellate Litigation.
 Cheryl C. Blair-Kijewski, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 VACATED AND REMANDED WITH INSTRUCTIONS.
 Before WIDENER, Circuit Judge, THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation, and JOHN A. MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Loranza Fields seeks review of an order entered by the Benefits Review Board affirming the administrative law judge's decision denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. We find that the medical opinions discredited by the ALJ in making his decision are reasoned and documented and thus invoke the interim presumption under Sec. 727.203(a)(4). As it was conceded that there is no contrary evidence to rebut the presumption, we vacate the decision under review and remand with instructions to determine the amount of and to award benefits.
 
 
 2
 Fields worked as a coal miner for Island Creek Coal Company for over 13 years between 1945 and 1960. His job at the coal company was classified as a general laborer at the coal tipple. The job involved strenuous physical labor, such as using a pick to break slate, shoveling and loading coal, and carrying bags of rock dust and chloride weighing 100 pounds. Since approximately 1963, claimant has worked most of the time as a butcher. A requirement of the job includes lifting to the cutting table hindquarters of meat weighing as much as 150 pounds. However, claimant's coworkers do his lifting so that he may proceed with the cutting.
 
 
 3
 The medical evidence consists of two reports from physical examinations conducted in 1979 and 1982. Dr. Norman Solliday examined the claimant at the request of the Department of Labor in August of 1979. Dr. Solliday noted claimant's employment history, health history and present symptoms. Dr. Cugell, who signed the report, read a chest x-ray taken during the examination as negative for pneumoconiosis. None of the remaining specific tests administered yielded results sufficient to invoke the interim presumption under the regulations. Dr. Solliday concluded, however, by checking the appropriate box on the Department of Labor medical examination form, that Fields suffered from chronic bronchitis related to coal dust exposure. The "Medical Assessment" section on the form asks for a description of the limitations in physical activities that may be due to pulmonary disease. Dr. Solliday found that claimant slows after walking two blocks, becomes tired by four blocks, stops climbing stairs after two flights, and can lift and carry less than fifty pounds. The blood gas test had to be stopped because of Fields' severe fatigue and shortness of breath.
 
 
 4
 On September 15, 1982, Fields underwent a physical examination and diagnostic tests conducted by Dr. Vivek Sachdev. Dr. Sachdev's report is also recorded on a DOL medical examination form. Dr. Sachdev diagnosed chronic bronchitis and possible coal workers' pneumoconiosis, although the latter was not evident on a chest x-ray. Dr. Sachdev checked "yes" on the box as to whether in his opinion the diagnosed condition related to coal dust exposure, adding that the patient has significant history of heavy exposure to coal dust. Dr. Sachdev recorded claimant's physical limitations in the section of the form labeled Medical Assessment as limited to walking one block, climbing a half flight of stairs (4 stairs), lifting less than 25 pounds and carrying nothing. He further noted that claimant's problems had increased in severity in the seven years prior to the examination. The report does not mention the results of some of the medical tests conducted during the exam. There was a negative reading for coal miners' pneumoconiosis of a chest x-ray, and a pulmonary function study was conducted, the results of which were non-qualifying under the regulations. However, the physical exertion required to complete the treadmill test induced severe light-headedness and very nearly syncope or unconsciousness. Dr. Sachdev stopped the test performed on a treadmill after approximately eleven and one-half minutes because the claimant displayed severe shortness of breath and dizziness.
 
 
 5
 Fields filed a claim for black lung benefits on March 13, 1973. The claim was evaluated and denied under the Health, Education and Welfare interim regulations. Following the enactment of the Black Lung Benefits Reform Act of 1977, claimant sought review of the claim pursuant to the regulations of the Department of Labor. The claim was denied by the Department. Fields requested a formal hearing before an administrative law judge.
 
 
 6
 A hearing was held on October 18, 1982. The ALJ issued a Decision and Order on January 20, 1983. The ALJ denied the claim, determining that the medical evidence was insufficient to invoke the interim presumption under Sec. 727.203(a)(1)-(3). This finding has not been contested on appeal. In deciding that the presumption had not been invoked under (a)(4), however, the ALJ refused to allow into evidence the 1982 opinion of Dr. Sachdev, finding that it had been untimely filed with the Department. The remaining medical opinion of Dr. Solliday dated 1979 was rejected by the ALJ, who concluded that it was not credible. The ALJ stated that Dr. Solliday's report did not diagnose any degree of disability, and further, if it had, it would still not qualify to invoke the presumption because it did not rely on the diagnostic tests performed during the examination.
 
 
 7
 Fields appealed to the Benefits Review Board. On April 30, 1986, the BRB vacated the ALJ's decision and remanded the case. The BRB found that the ALJ had erred in finding Dr. Solliday's medical opinion insufficient to establish disability. The BRB further held that the ALJ's decision to exclude the 1982 medical opinion of Dr. Sachdev was in error. The claim was remanded for further consideration of both medical reports.
 
 
 8
 On remand, the ALJ again denied the claim for reasons not too different from those set forth in his prior opinion. On appeal to the BRB from the second denial of the ALJ, the BRB affirmed. This petition followed.
 
 
 9
 The Director conceded at oral argument that at the least a remand of the claim is necessary in this case. The error confessed is that the ALJ erred in finding that Dr. Sachdev made no conclusion as to claimant's limitations. The ALJ had discredited the Medical Assessment portion of the doctor's opinion stating that the particular section of the report listing the limitations recorded the miner's complaints, not the doctor's assessment. The Director acknowledges, however, that the limitations noted in the report can properly be interpreted as that of the doctor's views of the claimant's limitations.
 
 
 10
 The 1979 examination, supervised by Dr. Solliday, concluded that Fields had a diagnosis of chronic bronchitis, which was related to dust exposure in Fields' coal mine employment. While x-rays did not reveal pneumoconiosis, nor did ventilatory tests nor blood gas studies, it is noteworthy that the blood gas measurement test had to be halted by Dr. Cugell after fourteen minutes due to complaints of severe fatigue and shortness of breath. Dr. Solliday was of opinion that Fields' walking slowed down after two blocks and that Fields was very tired after four blocks, that Fields could climb only two flights of stairs, could lift and carry less than fifty pounds, and that these limitations were first manifested eight to ten years before. In the same vein, the physical examination supervised by Dr. Sachdev did not attribute pneumoconiosis to x-rays nor to ventilatory nor blood gas tests, but diagnosed Fields as having chronic bronchitis and possible coal workers pneumoconiosis not evidenced on chest x-rays. These diagnoses were related to Fields' dust exposure in coal mine employment, and Dr. Sachdev noted that Fields had a significant history of exposure to coal dust. Dr. Sachdev found Fields' walking to be limited to one block, his climbing to one-half flight (four) of stairs, his lifting to less than twenty pounds, and Fields could carry nothing. These symptoms, Dr. Sachdev found, had existed for more than five years and had been increasing in severity for the past seven years. The treadmill exercise for the blood gas test had to be stopped by Dr. Sachdev because Fields developed severe shortness of breath and syncope just short of unconsciousness.
 
 
 11
 On remand, the ALJ discounted the limitations of physical activities in both physicians' reports we have just mentioned, because he found such limitations were as reported by the miner and were not the opinions of the physicians, although he specifically acknowledged, with regard to Dr. Sachdev's report, the limitations would be disabling. As we have mentioned, the Director now acknowledges that this finding of the ALJ was erroneous and at least requires a remand. So it has been established for the purpose of this case, that Dr. Sachdev's report does show disability within the meaning of the statute, and we are of opinion that Dr. Solliday's does also. With respect to disability, 30 U.S.C. Sec. 902(b) defines pneumoconiosis as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments arising out of coal mine employment." The corresponding section in the regulations, 20 C.F.R. Sec. 727.202, provides the same in haec verba. The regulations continue: "For purposes of this definition, a disease 'arising out of coal mine employment' includes any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to or aggravated by dust exposure in coal mine employment." Considering that Dr. Sachdev diagnosed Fields as having chronic bronchitis with possible coal workers pneumoconiosis related to dust exposure in coal mine employment with a significant history of heavy exposure to coal dust, and Dr. Solliday diagnosed Fields as having chronic bronchitis related to dust exposure in coal mine employment, it is at once apparent that the physicians' reports are sufficient to show that Fields has pneumoconiosis for the purpose of establishing the presumption.
 
 
 12
 The Benefits Review Board, in its decision of April 30, 1986 in this very case, has specifically held that Dr. Solliday's report is adequately documented, since it is based on a physical examination, medical history, and symptomatology. Dr. Sachdev's report is not different from Dr. Solliday's in any significant way, so it must be considered to be adequately documented also. That leaves the reasoning of the reports. In Hess v. Clinchfield Coal Company, 7 BLR 1-295 (1984), the Benefits Review Board held that "a medical report is reasoned if the documentation on which it is based adequately supports the physician's conclusions." In DeFelice v. Consolidation Coal Company, 5 BLR 1-275 (1982), the Board held that a physician's description of the general limitations of a claimant's physical ability to perform routine tasks is sufficient evidence to permit an ALJ to infer total disability.
 
 
 13
 Accordingly, we are of opinion that the medical reports of Dr. Solliday and Dr. Sachdev are documented and are an exercise of reasoned medical judgment within the meaning of 20 C.F.R. Sec. 727.203(a)(4). We are further of opinion that they establish the presumption that Fields, who was employed at the mines for more than ten years, is totally disabled due to pneumoconiosis arising out of his coal mine employment.
 
 
 14
 In the ordinary case at this stage, we would remand the case to consider whether or not there is any rebuttal evidence in the record which might serve in opposition to the presumption. On oral argument the Director, with commendable candor, has indicated that if we find the presumption is established by the physicians' reports we have mentioned, further consideration on remand is unnecessary because there is no available evidence to oppose the presumption.
 
 
 15
 Accordingly, the order of the Benefits Review Board under review is vacated, and the case is remanded for computation and an award of benefits.
 
 
 16
 VACATED AND REMANDED WITH INSTRUCTIONS.